## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ZEPORAH MOORE, | |
| Plaintiff, | |
| vs. | Civil Action |
| WAL-MART STORES EAST, L.P., | File No. _____ |
| Defendant. | |

## <u>RENEWAL COMPLAINT</u>

COMES NOW Plaintiff Zeporah Moore and files this, her Renewal Complaint for damages against Defendant Wal-Mart Stores East, L.P., which Ms. Moore demands be heard by a jury of her peers. In further support of her claims, Ms. Moore avers as follows:

### THE PARTIES

1.     Plaintiff Zeporah Moore is a resident of the State of Georgia and has been a resident for more than six months.

2.     Defendant Wal-Mart Stores East, L.P., is a foreign for-profit limited partnership with its principal place of business being located at 708 SW 8th Street, Bentonville, Arkansas, 72716.

3.      Defendant's General Partner is a foreign for-profit limited liability corporation, WSE Management, LLC, with a principal place of business located at 708 SW 8th Street, Bentonville, Arkansas, 72716.

4.      Defendant conducts business in the State of Georgia.

5.      Defendant conducts business at and owns and controls the retail store located at 1105 Research Center Drive, Atlanta, Georgia 30331, commonly known as Wal-Mart Store #3741.

6.      Defendant is registered with the Secretary of State and may be served through its registered agent for service, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Forsythe County, Georgia, 30040-2794.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action.

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000) and there is complete diversity among the parties.

9.      This Court has jurisdiction over the parties to this action.

10.    Venue is proper in this Court.

11.    Venue is proper under this Court pursuant to 28 U.S.C. § 1331.

## THE PREVIOUS ACTION

12.    This cause of action was originally filed in the State Court of Fulton County, State of Georgia Case Number 19EV004133 ("the Previous Action").

13.    Defendant then removed the matter to this honorable court where it was assigned Case Number 1:19-CV-3988-CC.

14.    All of the defendants named in this action were named as defendants in the Previous Action.

15.    All of the defendants named in this action were properly and timely served in the Previous Action.

16.    The Previous Action was voluntarily dismissed without prejudice by Plaintiff on April 26, 2021.

17.    With the instant action, Ms. Moore now re-files the Previous Action pursuant to O.C.G.A. § 9-2-61, all costs of the previous action having been paid in full.

## FACTUAL BACKGROUND

18.   At all times relevant to this Complaint, on July 31, 2018, Walmart Store # 3741 ("the Store") was open for business to the public.

19.   On July 31, 2018, Ms. Moore entered the Store as a customer to shop.

20.   Ms. Moore had not previously entered the Store on that day.

21.   Before Ms. Moore arrived at the Store, a pool of liquid accumulated on the floor of the Store's lobby.

22.   As Ms. Moore walked through the lobby of the Store, she slipped on the pool of liquid.

23.   Ms. Moore had not traversed that area before she entered the lobby that day.

24.   As she entered the lobby of the Store, Ms. Moore maintained a reasonable lookout for where she was walking.

25.   Defendant knew or should have known about the pool of liquid on the floor in the lobby of the Store.

26.   Defendant failed to have a reasonable system in place to monitor its floors for dangerous conditions.

27.   Defendant failed to execute any system that it did have in place to monitor its floors for dangerous conditions.

28.    There were no warning signs indicating that the area where Ms. Moore walked was slippery or wet.

29.    Ms. Moore was injured as a result of her fall on the pool of liquid on the floor of the Store's lobby.

30.    Ms. Moore was transported from the Store to a hospital because of her injuries.

31.    Ms. Moore had no actual knowledge of the slippery condition in the Store's lobby.

32.    Ms. Moore was not on constructive knowledge of the slippery condition in the Store's lobby.

33.    Ms. Moore incurred medical bills as a result of the injuries she suffered when she fell on the pool of liquid in the Store's lobby.

34.    To date, Ms. Moore has incurred medical expenses for treatment of her injuries arising from the fall in the amount of $38,281.47.

35.    Ms. Moore was hurt and suffered physical pain as a result of the injuries she suffered when she fell on the pool of liquid in the Store's lobby.

36.   Ms. Moore will suffer pain in the future as a result of the injuries she suffered when she fell on the pool of liquid in the Store's lobby.

37.   Ms. Moore lost income and is likely to continue to lose income as a result of the injuries she suffered when she fell at the Store.

38.   Defendant was the owner or the occupier of the Store.

39.   Defendant or its agents operated and controlled the Store.

## COUNT I: NEGLIGENCE

40.   Ms. Moore incorporates the foregoing allegations as if re-stated here.

41.   At the time Ms. Moore fell in the Store's lobby, Defendant or Defendant's agents owned or controlled the Store.

42.   Ms. Moore was an invitee at the Store at the time she fell in the Store's lobby.

43.   Defendant had actual knowledge of the pool of liquid on the floor of the Store's lobby on which Ms. Moore slipped.

44.   Defendant had constructive knowledge of the pool of liquid on the floor of the Store's lobby on which Ms. Moore slipped.

45.   Defendant's duty is to keep the premises safe, not reasonably safe.

46.  Ms. Moore had a right to rely upon the performance by Defendant of this duty to her.

47.  Defendant, by and through its agents, had a duty to exercise ordinary care to keep the Store's premises safe for invitees such as Ms. Moore.

48.  Among other things, the exercise of "ordinary care" necessitates that a landlord inspect the premises to discover possible dangerous conditions of which it does not have actual knowledge.

49.  Defendant, by and through its agents, failed to exercise ordinary care to keep the Store's premises safe.

50.  Defendant breached its duty to Ms. Moore to exercise ordinary care to keep the Store's premises safe.

51.  Defendant's failure to exercise ordinary care to keep the premises safe was the proximate cause of Ms. Moore's injuries and damages.

52.  Defendant should be found liable and judgment should be entered against Defendant and in favor of Ms. Moore for Ms. Moore's compensatory damages including her past and future medical expenses, her past and future lost income, as well as her past and future pain and suffering.

## COUNT II: ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT

53.   Ms. Moore incorporates the foregoing allegations as if re-stated here.

54.   The duty breached by Defendant is imposed by statute and is a safety-related obligation.

55.   Defendant acted in bad faith when it failed to comply with its duty of exercising reasonable

56.   Defendant acted in bad faith which failed to comply with its legal duty of ordinary care for Plaintiff's protection at the premises.

57.   Defendant refused to acknowledge responsibility and liability for Ms. Moore's fall in the Store's lobby and her injuries.

58.   There is no reasonable belief that a bona fide dispute exists as to Defendant's liability for Ms. Moore's fall and her injuries.

59.   Defendant was stubbornly litigious is refusing to accept responsibility for its liability for Ms. Moore's fall and her injuries.

60.   Defendant's unreasonable refusal to acknowledge its liability forced Ms. Moore to go to the trouble and expense and delay of instituting this action to force Defendant to honor its obligations to her.

61.    In light of Defendant's bad faith and stubborn litigiousness, pursuant

to O.C.G.A. § 13-6-11 and all other applicable law, Defendant is

liable to Ms. Moore and judgment should be entered against

Defendant and in favor of Ms. Moore for the reasonable attorney's

fees and expenses of litigation she has incurred and will incur in the

future in bringing this action.

**WHEREFORE,** Plaintiff Zeporah Moore prays that the Court:

**A.** Grant her a trial before a jury of her peers;

**B.** Enter judgment against Defendant and in favor of Ms. Moore for her

claim of negligence against Defendant for compensatory damages

including, but not limited to, past and future medical expenses, past

and future pain and suffering, and past and future lost income;

**C.** Enter judgment against Defendant and in favor of Ms. Moore for her

claim for reasonable attorney's fees and expenses of litigation; and

**D.** Provide such other and further relief as the Court deems appropriate

and just in light of the applicable facts and law.

Respectfully submitted this 22nd day of October, 2021.

LAW OFFICES OF MATTHEW C. HINES, LLC

|  | By: | /s/ A. Thomas Stubbs |

1900 The Exchange SE, Building 500   Matthew C. Hines
Atlanta, Georgia 30339   Georgia Bar No. 356082
Phone: (770) 941-0913   Email: Matthines@hineslaw.org
Fax: (770) 941-0919   A Thomas Stubbs
Email: tstubbs@hineslaw.org   Georgia Bar No. 689310
  *Attorneys for Plaintiff*